**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **E.L. and N.L.**

**No. 25-115** (Braxton County CC-04-2024-JA-9 and CC-04-2024-JA-10)

**MEMORANDUM DECISION**

Petitioner Mother A.L.[1] appeals the Circuit Court of Braxton County's January 14, 2025, order terminating her parental rights to E.L. and N.L., arguing that the circuit court erred in adjudicating her as an abusing and/or neglecting parent and in terminating her parental rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Prior to the proceedings giving rise to this appeal, the DHS filed an abuse and neglect petition in 2013 alleging that the petitioner engaged in excessive corporal punishment of her oldest child.[3] The petitioner was adjudicated as an abusive and neglectful parent and successfully completed a post-adjudicatory improvement period, thereby regaining custody of her children. Then, in 2018, the DHS filed another abuse and neglect petition, alleging that the petitioner exposed the children to domestic violence and abused alcohol. Once more, the petitioner was adjudicated as an abusive and neglectful parent on these grounds and successfully completed a post-adjudicatory improvement period, resulting in the children being returned to her care.

Turning to the instant proceedings, the DHS filed a petition in February 2024 alleging that the petitioner abused substances and emotionally abused E.L. and N.L.[4] Specifically, the children disclosed they were afraid of the petitioner because she constantly screamed, yelled, and called them names to the point that they would break down in tears. In recounting these instances, the DHS noted that the children "started crying" and were visibly distressed. Due to the petitioner's

---

[1] The petitioner appears by counsel Jonathan Fittro. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Lee Niezgoda. Counsel Daniel Armstrong appears as the children's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] The petitioner's oldest child, S.L., has since reached the age of majority and is not at issue in this appeal.

[4] The proceedings also concerned S.L.

consistent problematic behavior, the children felt as though the petitioner "hated" them and stated that they "have great anxiety when they have to go home from school."

At the preliminary hearing in February 2024, the circuit court ordered the petitioner to submit to a drug screen immediately upon the conclusion of the hearing. The petitioner tested positive for alcohol at over ten times the cutoff level of 100 ng/ml. At the adjudicatory hearing in March 2024, the DHS presented evidence of the petitioner's adjudication for alcohol abuse in her prior case and her successful completion of an improvement period to address this issue. However, the DHS highlighted the petitioner's positive test for alcohol at a significantly high level following the prior hearing. The petitioner denied that the positive screen was a result of her drinking alcohol, stating that she tested positive only due to kidney and liver issues. Additionally, the DHS presented evidence of a domestic violence protective order ("DVPO") that S.L. obtained against the petitioner during the pendency of the instant case, which, according to the DHS, was based upon the same emotionally abusive conduct alleged in the petition. When asked about the allegations of emotional abuse that E.L. and N.L. disclosed, the petitioner opined that the children were being coached by their father and the interviewing Child Protective Services ("CPS") worker. The DHS then called the CPS worker who testified that when she interviewed both children, they were visibly distressed and crying as they disclosed the petitioner's mentally abusive conduct and how it made them anxious to return home. Ultimately, the circuit court found that the petitioner's "testimony [wa]s not credible" and adjudicated her as an abusive and/or neglectful parent based upon her substance abuse as well as her emotional abuse of the children.

At the dispositional hearing, which concluded in January 2025, the circuit court noted that it "received information from the State of Tennessee that [the petitioner] tried to purchase a firearm while under a domestic violence protective order," which the petitioner admitted was true. The DHS presented evidence that the petitioner received a plethora of services to help her correct her abusive and neglectful behaviors in the two prior cases, including counseling, parenting and anger management classes, and drug screening. Additionally, the petitioner filed a motion for a post-adjudicatory improvement period, testifying that additional services would be beneficial. The petitioner also testified that she was currently drug screening, attending alcoholics anonymous ("AA") meetings, and engaging in counseling. However, when questioned about the alleged emotional abuse toward E.L. and N.L., the petitioner denied engaging in such behavior. The petitioner additionally asserted that the instant proceedings were initiated merely because she caused her children anxiety. The petitioner minimized her actions in her prior abuse and neglect cases, blaming either her eldest child or the father for initiating those proceedings. Ultimately, the circuit court found that the petitioner "ha[d] cast blame on nearly everyone else involved in this case, including her children, . . . cast[ing] herself as the victim in this matter." Regarding her prior successful completion of two improvement periods, the circuit court found that the petitioner "has not benefit[ed] from the services she has received in any of her prior cases" as she failed to change her problematic behaviors. Based upon her continued failure to acknowledge and take responsibility for her actions, the circuit court denied the petitioner's motion for a post-adjudicatory improvement period. Based on the evidence, the circuit court found that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect in the near future and that "[t]here is no less restrictive alternative available to protect the health, safety[,] and welfare of the [children] than termination of parental rights." Accordingly, the

circuit court terminated the petitioner's parental rights to E.L. and N.L.[5] It is from this order that the petitioner now appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). First, the petitioner argues that the circuit court erred in adjudicating her as an abusing and/or neglecting parent because there was insufficient evidence to support this determination. We disagree. We have previously held as follows:

> "[West Virginia Code § 49-4-601(i)], requires the [DHS], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHS] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W. Va. 438, 485 S.E.2d 176 (1997) (citations omitted). Regarding this burden, we have explained that "the clear and convincing standard is 'intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.'" *In re F.S.*, 233 W. Va. 538, 546, 759 S.E.2d 769, 777 (2014) (quoting *Cramer v. W. Va. Dep't of Highways*, 180 W. Va. 97, 99 n.1, 375 S.E.2d 568, 570 n.1 (1988)). Here, the DHS presented testimonial evidence of how the children were subjected to constant emotional abuse as the petitioner frequently screamed and yelled at them to the point that they would become visibly distressed even when recounting these instances. Additionally, S.L. obtained a DVPO against the petitioner because of the emotional abuse the petitioner had inflicted upon her. Yet, despite this evidence, the petitioner argued that the children were being coached to accuse her of such abuse. The DHS highlighted the petitioner's previous adjudication for alcohol abuse in her prior case and her continued denial of alcohol abuse despite testing positive at an extremely high level. The circuit court found the petitioner's testimony "not credible," and we decline to disturb such a finding on appeal. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). As such, there was clear and convincing evidence to support the circuit court's finding that the petitioner emotionally abused the children

---

[5] The nonabusing father's parental rights remain intact, and permanency has been achieved for both children as they remain in the father's care.

and that her substance abuse resulted in neglect.[6] Therefore, we conclude that the circuit court did not commit error in adjudicating the petitioner as an abusing and/or neglecting parent.[7]

Finally, the petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that she could correct the conditions of abuse and neglect in the near future, asserting that she was working on remedying the conditions of abuse. We again disagree. According to West Virginia Code § 49-4-604(d), "'[n]o reasonable likelihood that conditions of neglect or abuse can be substantially corrected' means that . . . the abusing adult . . . [has] demonstrated an inadequate capacity to solve the problems of abuse or neglect on [his or her] own or with help." Here, the DHS presented evidence that the petitioner was afforded various services in two prior cases where she successfully completed two separate post-adjudicatory improvement periods. The circuit court found that, despite these past services, the petitioner continued to repeatedly blame others for her actions, failed to take responsibility, minimized or denied her behaviors, and overall failed to acknowledge her role in emotionally abusing her children. Such failure to acknowledge makes the problems of abuse and neglect untreatable. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) ("In order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem . . . results in making the problem untreatable." (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004))). Therefore, we conclude that there was sufficient evidence for the circuit court to find that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect. Additionally, given the petitioner's conduct during the proceedings, including her attempt to purchase a firearm in violation of the terms of the DVPO, the circuit court found that there was no less restrictive alternative but

---

[6] The petitioner also argues that because there was no reference to the allegations pertaining to S.L. within the DHS's witnesses' testimony, as such evidence focused on the emotional abuse of E.L. and N.L., the DHS failed to meet its evidentiary burden as to S.L. However, as stated above, S.L. is not at issue in this appeal. Therefore, the petitioner is entitled to no relief in this regard.

[7] The petitioner also argues that the circuit court erred by admitting improper hearsay evidence at her adjudicatory hearing. However, the petitioner concedes that this error was not preserved, as she did not timely object to its admission during the proceedings below. Therefore, we decline to address this assignment of error on appeal. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) ("Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." (quoting *Shaffer v. Acme Limestone Co., Inc.*, 206 W. Va. 333, 349 n.20, 524 S.E.2d 688, 704 n.20 (1999))); *see also In re E.R.*, No. 19-0443, 2020 WL 598259, at *5 (W. Va. Feb. 7, 2020) (memorandum decision) ("Although petitioner did assert that the testimony of the DHHR's witnesses was likely hearsay, this assertion was not made until seven days after the testimony was presented. Simply put, because petitioner failed to contemporaneously object to the testimony of the DHHR's witnesses at the time the testimony was offered, petitioner waived the issue on appeal and is entitled to no relief in this regard.").

termination, which was necessary to protect the children's health, safety, and welfare.[8] Circuit courts are permitted to terminate parental rights upon these findings. *See* W. Va. Code § 49-4-604(c)(6) (permitting termination of parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child"). As such, the circuit court did not err in terminating the petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 14, 2025, order is hereby affirmed.

Affirmed.

**ISSUED**: January 29, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[8] Confusingly, the petitioner raises a separate assignment of error in which she alleges that the circuit court failed to find that termination was necessary for the children's welfare. Given the explicit finding to this effect in the dispositional order, the petitioner is entitled to no relief in this regard.